PETER GULICK, EXECUTOR OF PETER CONOVER, DEC'D, v. CONOVER AND DEY.

The Orphans' Court cannot tax and settle the costs on a commission of lunacy. The accounting party ought to produce and show to that court a regular bill of costs on the commission, settled and taxed by the proper officer of the court of Chancery, embracing the various items, otherwise his account should not be allowed.

This court cannot on *certiorari* from the Orphans' Court, re-state nor correct by a final judgment, an account; if wrong, the whole proceedings and decree of that court must be reversed, and the record, &c. remitted to that court, to be proceeded in according to law.

This was a *certiorari* directed to the Orphans' Court of the county of Middlesex, the history and facts of the case, are disclosed in the opinion of the court.

*C. L. Hardenbergh,* for plaintiff in *certiorari.*

*S. R. Hamilton,* for defendant.

HORNBLOWER, C. J.   Peter Conover, the testator, after he had made his will, became a lunatic.   His son, Peter Conover and Lewis Dey, the defendants in *certiorari*, were appointed guardians of his person and property.   After his death, they exhibited their joint account, which was stated by the Surrogate, and allowed by the court.

The account, upon the face of it, is a very extraordinary one. The accountants charge themselves in June 1830, with one

Executor of Conover *v.* Conover and Dey.

hundred thirty-nine dollars, fourteen cents, being the aggregate amount of two sums received by them for rent due the estate of the lunatic : and this is all with which they do charge themselves ; yet, they claim credit for disbursements to the amount of six hundred forty-four dollars, twenty-eight cents, exclusive of commissions ; not one cent of which sum, appears to have been expended for the benefit of the lunatic ; I mean for his board, or clothing, or other personal accommodation—several of the items are unlawful, upon the very face of them. The 1st, which is five dollars, paid William Hyer, " for commission of lunacy," is unauthorized. Neither William Hyer, nor any other person is entitled to any such sum for that writ. By his receipt for the five dollars, he says, it was in part payment for " drawing the papers relative to obtaining the commission, inquisition, &c." The fees for drawing writs, and all other proceedings in the Court of Chancery, are fixed by the fee bill. These services were included and charged for, in the bill of costs. If they were not, the Orphans' Court should not have allowed for them. So the various separate charges and allowances, for solicitors' and commissioners' fees ; and for the sheriff's, jurors' and witnesses fees on the inquest, are in my opinion, all improper. The Orphans' Court could not tax and settle the bill of costs on the commission of lunacy. The accounting party ought to have produced and shown to the court, a regular bill of costs on the commission, settled and taxed by the proper officer of the Court of Chancery, embracing these various items ; otherwise they should not have been allowed. Again, voucher No. 4, I think was inadmissible. It is a tavern bill, for two day's " entertainment ;" for " meat and drink for the jurors, the lawyers and the deputy sheriff, and provender for their horses." Sheriffs, jurors, and especially lawyers, must pay their own bills at taverns. The two former, have fees allowed them by law ; and the latter, when acting as advocates or counsel, may make their own bargains. So also, item No. 9, paid J. Disbrow for tavern expenses, must be disallowed. There is no voucher for this charge ; and it does not appear when, by whom, or on what occasion those expenses were incurred. If by the guardians, it is inadmissible ; they are allowed commissions ; and if

Executor of Conover *v.* Conover and Dey.

by any of the officers of the court, their fees are fixed by law, and they must pay their own tavern bills.

The next objectionable item (see *vouch. No.* 29,) is the allowance made to the accountants of forty-nine dollars, fifty cents, principal and interest, due Peter Conover from the lunatic.   It is an account by Peter Conover against his father, for going to Bridgetown, to officiate for him in a law suit, and for expenses and disbursements in and about that matter, amounting to thirty-five dollars, to which is added fourteen dollars, seventy cents for interest, making the total forty-nine dollars, fifty cents.   This extraordinary claim is unsupported by any legal and competent evidence whatever, and ought not to have been allowed.

Item No. 19, was also objected to, and ought not to have been allowed.   The receipt endorsed by Jewell on the note, is *prima facie* evidence of payment to him, *by* Peter Conover, the father, and not by the accountants.   It is as follows— "January 25th, 1825, received *of* Peter Conover, *by the hands* of Peter Conover, Jr. the full amount &c."   If the accountants or either of them paid this money out of their own funds, they ought to have given some evidence of it.   This was not done; and therefore the charge was improperly allowed.

The payments to Sheriff Carson, and of the single bill to Wilson, I think were sustained by the evidence in relation to those matters.   The Orphans' Court had a right to examine the accountants, or either of them, under oath, touching the truth and fairness of the account.   *Rev. Laws, Section* 786, 31.

But there is another, and a singular error in the account, as passed by the Orphans' Court.   They have allowed the accountants, commissions on the amount for which they claim allowance, instead of the sum received by them.   That is, the guardians debit themselves with one hundred thirty-nine dollars, fourteen cents, and are allowed commissions on six hundred forty-four dollars, twenty-eight cents, amounting to seventy-five dollars—thus getting a commission on the very debt, they claim a right to retain.   This is erroneous.

We cannot re-state the account in this court; nor correct it by any final judgment we can render.   The whole proceeding

and the decree of the Orphans' Court must therefore be reversed and set aside, and the record, &c. remitted to that court, to be proceeded in according to law.

FORD and RYERSON, Justices, concurred.

*Decree reversed, and record remitted.*